## CUMMINGS v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 6, 1953.

Fred J. Karem, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen. and Squire N. Williams, Jr., Asst. Atty. Gen., for appellee.

STEWART, Justice.

Ishmael Cummings was found guilty of having in his possession a wild animal, namely, a raccoon, in violation of KRS 150.305(1), and a fine of $50 was assessed against him. He moves for an appeal.

The case is before us on an agreed statement of facts which reveals that Cummings came into possession of the animal during the year 1944 in a manner that was not illegal at the time, as the provision of the law he was convicted of transgressing was

not in force until after 1944. The animal had never run wild, because it was born in captivity, and from date of its acquisition it had been kept as a pet by Cummings. The possessor of the raccoon does not have a permit to keep it for educational or scientific purposes, allowable under KRS 150.-275, or as a propagationist, within the application of KRS 150.280.

The question raised is: Since Cummings obtained the raccoon in a legal manner, may his possession of the animal be declared a criminal act?

Broadly speaking, the state, as trustee for the people, may conserve wild life and regulate or prohibit its taking in any reasonable way it may deem necessary for the public welfare, so long as its action does not violate any organic law of the land. Krenz v. Nichols, 197 Wis. 394, 222 N.W. 300, 303, 62 A.L.R. 466, states the same proposition in these words: "Nearly every conceivable regulation for the propagation, conservation, taking, and disposal of fish and game has been upheld where no constitutional objections have stood in the way. Generally, courts have given very liberal construction to such statutes, to the end that the public welfare should be subserved."

The state in the exercise of its power to make regulations for the preservation of game may prescribe closed seasons during which the taking of game is prohibited and also forbid the possession of game during closed seasons, even though the game may have been lawfully taken in open season. 24 Am.Jur., Game and Game Laws, Sec. 24, p. 389. The state may also, in the enactment of game laws for the protection of wild animals and as a means of preventing the evasion of such laws, extend its regulation to include game raised in captivity. 24 Am.Jur., Game and Game Laws, Sec. 13, p. 383.

Regulations prohibiting the possession during closed seasons of game rightfully taken are not invalid as a taking of property without due process of law or without just compensation. It is also competent for the state, in granting the privilege of reducing wild game to possession

with proprietary rights, to prescribe such conditions of enjoyment as are deemed reasonable and necessary to protect the common interest. 24 Am.Jur., Game and Game Laws, Sec. 13, p. 383.

Game laws are enforced by the imposition of fines, and the Legislature may make the possession of certain game in closed seasons a criminal offense, irrespective of the intent of the possessor. 24 Am. Jur., Game and Game Laws, Sec. 27, p. 392.

It follows that Cummings cannot escape liability for the payment of the fine imposed upon him by reason of his violation of KRS 150.305(1), although he came by the possession of the animal in a legal manner.

Wherefore, the motion for an appeal is overruled and the judgment is affirmed.